## Gregg's Estate.

*Decedents' estates—Husband and wife—Contracts—Consideration.*

Where a claim was made by the representatives of a husband against his deceased wife's estate on a demand note for $10,000.00 and the auditing judge found, upon ample evidence, that the wife was indebted to her husband in the sum of $7,422.82, which had been expended by the husband in the improvement of her real estate and in payment of taxes, the court did not err in awarding claimant such amount and in disallowing the balance of the claim.

Argued October 28, 1915.   Appeals, Nos. 249 and 250, Oct. T., 1915, by Tom C. Smith, Administrator of the Estate of Lorena Y. Gregg, deceased, and Fidelity Title & Trust Company, Executor of last will and testament of Edward R. Gregg, deceased, from decree of O. C. Allegheny Co., Sept. T., 1914, No. 201, dismissing exceptions to adjudication in re Estate of Lorena Y. Gregg, deceased. , Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Exceptions to adjudication. Before Over, P. J.

The facts appear by the opinion of the Supreme Court.

The court in banc dismissed exceptions to the adjudication. Tom C. Smith, administrator of the estate of Lorena Y. Gregg, deceased, and Fidelity Title and Trust Company, executor of the last will of Edward R. Gregg, deceased, appealed.

*Error assigned* was the decree of the court.

*John O. Wicks,* with him *Otto Kohler* and *Elisha W. Criswell,* for Tom C. Smith, administrator of the estate of Lorena Y. Gregg, appellant.

*Frederic W. Miller,* for Fidelity Title & Trust Company, executor of the last will and testament of Edward R. Gregg, deceased, appellee.

Per Curiam, January 3, 1916:

Lorena Y. Gregg was the wife of Edward R. Gregg. She died May 9, 1913, and he on the 25th of the following month. At the adjudication of the account of the wife's administrator, the executor of the will of her husband presented a claim against her estate on a demand note, for $10,000.00, executed by her March 31, 1913, and payable to the order of her husband. The auditing judge first disallowed the claim on the ground of the presumption of a dominant influence of the husband over his wife and of the lack of any evidence showing that he had acted in good faith and had taken no advantage of his influence over her, and, because, the inference from the evidence was that he had not acted in perfect good faith, but had taken advantage of her. Upon a rehearing it was found as a fact by the same judge that at the time of the wife's death she was indebted to her husband, for moneys expended by him in the improvement of her real estate, in payment of taxes on the same, etc., and the sum of $7,422.82 was awarded to his estate in payment

of principal and interest due for such expenditures. From this award there is an appeal by the administrator of the wife, on the ground that there was not sufficient evidence to sustain it, and the executor of the husband has appealed because the whole claim based on the $10,-000.00 note was not awarded to him. From an examination of all the testimony in the case our judgment is that the award appealed from by both parties is just, and we therefore dismiss each appeal at the cost of the appellant.